JL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV 18-02095-PHX-DGC (JFM) |
|---|---|
| Plaintiff, | CR 11-00513-PHX-DGC |
| v. | **ORDER** |
| Julie Ann Overfield, | |
| Defendant/Movant. | |

Movant Julie Ann Overfield, who is confined in the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, has filed a "Motion for Reduction Pursuant to *Sessions v. Dimaya*, [138 S. Ct. 1204 (2018)]," which the Clerk of Court filed as a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") to facilitate its consideration. The Court will summarily deny the Motion.

This is Movant's **third** § 2255 Motion challenging her conviction and sentence in CR 11-00513-PHX-DGC. The first motion was denied on the merits on August 22, 2016 (Doc. 388 in CR 11-00513-PHX-DGC). The second motion was denied as second or successive on January 3, 2017 (Doc. 407 in CR 11-00513-PHX-DGC).

Under 28 U.S.C. §§ 2255(h) and 2244, Movant may not file a second or successive § 2255 motion in the district court unless she has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or successive § 2255 motion. Because Movant has failed to obtain permission from the

Ninth Circuit before filing this third § 2255 motion, the Court lacks subject matter jurisdiction over the motion and must dismiss it. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that the district court lacked jurisdiction to consider a successive § 2255 motion when movant had failed to request certification from the appellate court prior to filing successive § 2255 motion in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing a second § 2255 motion for lack of subject matter jurisdiction because movant failed to obtain Ninth Circuit certification).

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of Court to refer Movant's second § 2255 motion to the Ninth Circuit Court of Appeals.

**IT IS ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 454 in CR 11-00513-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 18-02095-PHX-DGC (JFM)) is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must send a copy of this Order and Movant's § 2255 Motion (Doc. 1 in CV 18-02095-PHX-DGC (JFM)) to the **Ninth Circuit Court of Appeals** and to **Plaintiff United States of America**.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 18th day of September, 2018.

David G. Campbell
Senior United States District Judge